UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:23-cr-147

Mohamed Farah Waes,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Mohamed Farah Waes, ("Defendant") is charged with one count of intentionally intimidating and interfering with, and attempting to intimidate and interfere with, by threat of force, reproductive health services, in violation of 18 U.S.C. § 248(a)(1), one count of knowingly and willfully transmitting in interstate and foreign commerce, a communication containing a threat to injure another person, in violation of 18 U.S.C. § 875(c), and one count of using an instrument of interstate or foreign commerce to willfully threaten to kill, injure, and intimidate an individual and to unlawfully damage and destroy a building by means of fire and explosive, in violation of 18 U.S.C. § 844(e). *See generally*, Indictment, ECF No. 4. Defendant was indicted on July 11, 2023, *id.*, and the Court subsequently set trial for October 2, 2023, ECF No. 23.

Defendant now moves to continue his trial date and associated pre-trial deadlines, Mot., ECF No. 25, and the parties jointly move to extend the associated motions deadlines, Joint Mot. 1, ECF No. 24. Defendant contends

the continuance is warranted because Defendant's counsel needs additional time to prepare for trial and conduct an independent investigation of this case in preparation for trial. *Id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded from the seventy-day clock. *See* 18 U.S.C. § 3161(h). Some of these delays—for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party or on the Court's own motion, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be set forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on Defendant's representation that his counsel needs additional time to prepare for trial and conduct an independent investigation in preparation for trial, the Court finds that failure to grant the continuance "would unreasonably deny the defendant . . . the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h).

Defendant's motion is **GRANTED**. Trial is set for **March 4, 2024, at 9:00 a.m.** The final pretrial conference is set for **February 27, 2024, at 10:00 a.m.**, by which time the joint Final Pretrial Order must be filed on the docket. Any motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786 (1993) and Federal Rule of Evidence 702 are due by **February 6, 2024, at 5:00 p.m.** Any responses to such motions are due by **February 16, 2024, at 5:00 p.m.** All motions *in limine* and proposed joint, substantive jury instructions are due by **February 9, 2024 at 5:00 p.m.** Any response to such motion is due by **February 19, 2024 at 5:00 p.m.**

The Clerk shall terminate ECF Nos. 24 and 25.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**