FILED
RICHARD W. NAGEL
CLERK OF COURT

2024 FEB -9 AM 11:14

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:23-CR-147 |
| v. | JUDGE WATSON |
| | **SUPERSEDING INFORMATION** |
| MOHAMED FARAH WAES | 18 U.S.C. § 248(a)(1)<br>18 U.S.C. § 875(c)<br>18 U.S.C. § 1956(h)<br>**FORFEITURE ALLEGATION** |

**THE UNITED STATES ATTORNEY CHARGES:**

**GENERAL ALLEGATIONS**

At all times relevant to this Superseding Information:

1. The defendant, **MOHAMED FARAH WAES ("WAES")**, resided in or near Columbus, Ohio, within the Southern District of Ohio.

2. Planned Parenthood of Greater Ohio (PPGOH) operates medical facilities throughout Ohio, including in Columbus, Ohio, that provide reproductive healthcare services, including abortion services. PPGOH maintains a website which clearly identifies the services it provides.

3. L.L. is a call center agent employed by the Clinical Health Network for Transformation (CHN) to answer incoming telephone calls to PPGOH.

## COUNT 1
### (Interference with Access to Reproductive Health Services)

4. Paragraphs 1 through 3 are incorporated here.

5. On or about July 5, 2022, in the Southern District of Ohio, the defendant, **MOHAMED FARAH WAES**, by threat of force, intentionally intimidated and interfered with, and attempted to intimidate and interfere with, L.L. and the employees of PPGOH, because PPGOH was and had been providing reproductive health services, and in order to intimidate L.L. and the employees of PPGOH from providing reproductive health services.

**All in violation of Title 18, United States Code, Section 248(a)(1).**

## COUNT 2
### (Interstate Threats)

6. Paragraphs 1 through 3 are incorporated here.

7. On or about July 5, 2022, in the Southern District of Ohio, and elsewhere, the defendant, **MOHAMED FARAH WAES**, knowingly and willfully transmitted in interstate and foreign commerce, a communication, which contained a threat to injure another person, to wit: **WAES** contacted PPGOH by telephone, spoke with L.L., and indicated that he would burn down a PPGOH facility and everyone in it, or words to that effect.

**All in violation of Title 18, United States Code, Section 875(c).**

## COUNT 3
### (Conspiracy to Commit Money Laundering)

8. Defendant **MOHAMED FARAH WAES** established and caused to be established three businesses by filing paperwork with the Ohio Secretary of State. These businesses were Malipow LLC, Heartland Recycling Inc., and Senga Engineering Inc.

9. Defendant **MOHAMED FARAH WAES** established a bank account in the name of Malipow LLC. The account was a Fifth Third Bank account with an account number ending in x2266. This Superseding Information will hereafter describe this account as "the Malipow Fifth Third Bank account."

10. Defendant **MOHAMED FARAH WAES** established a bank account in the name of Heartland Recycling Inc. The account was a Fifth Third Bank account with an account number ending in x9494. This Superseding Information will hereafter describe this account as "the Heartland Fifth Third Bank account."

11. Defendant **MOHAMED FARAH WAES** established a bank account in the name of Senga Engineering Inc. The account was a Fifth Third Bank account with an account number ending in x5277. This Superseding Information will hereafter describe this account as "the Senga Fifth Third Bank account."

12. From at least March 21, 2019, through at least March 4, 2020, in the Southern District of Ohio and elsewhere, Defendant **MOHAMED FARAH WAES** did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957—namely:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity—namely, wire fraud—knowing that the

transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

    b.    to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity—namely, wire fraud—in violation of 18 U.S.C. § 1957.

## MANNER AND MEANS OF THE CONSPIRACY

13. It was part of the conspiracy that Defendant **MOHAMED FARAH WAES** would launder and attempt to launder the proceeds of business email compromise ("BEC") scams. The perpetrators of the scams created fake email domains which mimicked legitimate email domains. The scammers then sent emails from these domains to various companies impersonating vendors and asking that payments be made on actual invoices. The victim companies were instructed to send and did send the payments to the bank accounts controlled by Defendant **MOHAMED FARAH WAES** and others. The funds were not used for the purposes claimed by the perpetrators of the scams.

14. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** used businesses in his control—namely, Malipow LLC, Heartland Recycling Inc., and Senga Engineering Inc.—to launder criminal BEC proceeds.

15. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** established bank accounts to launder and attempt to launder criminal BEC proceeds—namely, the

Malipow Fifth Third Bank account, the Heartland Fifth Third Bank account, and the Senga Fifth Third Bank account.

16. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** received proceeds from BEC scams, directly or indirectly, into the Malipow Fifth Third Bank account, the Heartland Fifth Third Bank account, and the Senga Fifth Third Bank account.

17. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** repeatedly withdrew cash via teller withdrawals and ATM withdrawals, knowing that these financial transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of BEC fraud.

18. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** repeatedly sent funds to coconspirators, including by remitting cashier's checks, knowing that these financial transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of BEC fraud.

19. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** received a percentage of the funds he laundered as payment for his money laundering activities. During the period of the conspiracy, Defendant **MOHAMED FARAH WAES** made significant purchases at Saks Fifth Avenue, Macy's, Ruth's Chris Steak House, Marriott Hotels, and Delta Air Lines.

**All in violation of Title 18, United States Code, Section 1956(h).**

### FORFEITURE ALLEGATION

20. Paragraphs 8 through 19 are incorporated here.

21. Upon conviction of the offense as alleged in Count 3 of this Superseding Information in violation of 18 U.S.C. § 1956(h), the defendant, **MOHAMED FARAH WAES**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal,

involved in the offense as alleged in Count 3, or any property traceable to such property, including a sum of money equal to $273,982.08 in United States Currency in the form of a forfeiture money judgment.

22. If, as a result of any act or omission of Defendant **MOHAMED FARAH WAES**, the forfeitable property so described, or any portion thereof cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of Defendant **MOHAMED FARAH WAES** up to the value of the subject property.

**Forfeiture in accordance with 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

KENNETH L. PARKER
United States Attorney

JENNIFER RAUSCH (0075138)
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorneys

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

DANIEL GRUNERT (DC 1721133)
Trial Attorney

6