# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No: 2:23-CR-147 |
| MOHAMED FARAH WAES, | : | JUDGE MICHAEL H. WATSON |
| Defendant. | : | |

**SENTENCING MEMORANDUM OF DEFENDANT MOHAMED FARAH WAES**

The Defendant, Mohamed F. Waes, comes before this Court after having entered guilty pleas involving two (2) separate incidents to the following charges:

**COUNT 1**-Interference with Access to Reproductive Health Services

**COUNT 2**-InterstateThreats

**COUNT 3**-Conspiracy to commit Money Laundering

Defendant Waes entered guilty pleas on February 9, 2024.

The probation department in the PSI has calculated an offense level of 25 and a criminal history of 2.

Defendant Waes is scheduled for Sentencing on July 24, 2024.

Set forth below is a review of the Sentencing Factors that Defendant Waes ask the Court to consider to fashion an appropriate Sentence.

## OBJECTIONS TO PSI

Defendant Waes through Counsel has reviewed the PSI and has made no objections thereto.

## **SENTENCING FACTORS**

1. <u>18 U.S.C. § 3553(a) Factors</u>

This court is not bound by the sentencing guidelines, but rather, is permitted to tailor a sentence in light of the factors set forth in 18 U.S.C. § 3553(a). District courts are permitted to vary from the guidelines in fashioning a sentence to fit the mandate of 18 U.S.C. §3553(a), that the sentence imposed be no greater than necessary to serve the goals of sentencing set forth in such.

The primary directive is for sentencing courts to impose a sentence sufficient, but not greater than necessary, and in making the determination shall consider a sentence:

> (a). to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (b). to afford adequate deterrence to criminal conduct;
>
> (c). to protect the public from further crimes of the defendant; and
>
> (d). to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

> (a) the nature and circumstances of the offense and the history and characteristics of the defendant (§3553 [a][1];
>
> (b) the kinds of sentences available (§ 3553)[a][3];

(c). the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§3553[a][6]; and

(d). the need to provide restitution to any victims of the offense (§3553 [a][7].

## FACTORS AS APPLIED TO DEFENDANT WAES

In relation to this case, Defendant Waes was born in Mogadishu, Somalia on February 28, 1990, where his family stayed until 2000. Due to the Civil War in Somalia, Waes' family fled to Kenya, Africa for one year before immigrating to the United States.

Waes spent the first 10 years of his life in a war-torn country that was devastated with political unrest, severe drought, and the destruction of its agriculture base. By 1991, the United Nations estimated that 4.5 million Somali's were at risk of starvation.

In § 70, Waes describes his memories of his early years in Mogadishu where he witnessed shooting, explosions, deceased bodies in the streets, and a general environment riddled with gun violence and murder. Waes also remembered that his family would go days without food, lacked sufficient clothing and personal care items. His family also lacked stable housing and did not remain in the same location for an extended time out of fear for their safety.

When he was 10 years old, Waes and his family fled to Kenya where the conditions were perhaps improved but still fraught with danger. According to "Refworld", Kenyan officials had limited interest in the situation of refugees. As such, refugees suffered murders, robberies, and rapes from armed bandits and foreign militia men who routinely raided the refugee camps located in Kenya's border areas.

At the age of 12, Waes and his family immigrated to the United States. Initially, the situation, though tremendously better than Somalia and Kenya, was difficult because the family lived in impoverished neighborhoods with high levels of gang violence, drug use, and criminal activity. Waes did not fit in well within his peer group. He did not speak English and was often bullied and assaulted in schools.

However, it does appear that Waes' family provided him with much support, and he experienced no abuse at home.

Regarding the Defendant's upbringing in the war-torn country of Somalia, the defense believes that this history, unique to Waes, should be weighed as mitigation to lessen a sentence pursuant to the factors set forth above. As noted in the PSI, Defendant Waes spent the first 12 years of his life in the living hell know as Mogadishu, Somalia and then for a year in a Kenyan refugee camp. It is impossible for those of us raised in the United States and specifically affluent areas therein to contemplate the terror and mental distress that Defendant Waes sustained during this time and most likely carries with him to this day. In fact, no evidence exists that Defendant Waes has ever received psychological counseling/therapy to assist him in recovering from his boyhood experiences.

Regarding counts 1 and 2, Defendant Waes has accepted responsibility for his actions and is sorry for anxiety and fears it caused to the employees of PPGOH. That said, the evidence is also clear that he took no overt steps nor did he have any true intention of perpetrating a violent act upon the structure or employees therein (see PSI § 17 and 18).

Clearly, the court should weigh his experiences under the factors enumerated above and under 18 U.S.C. §3553(a).

As such, Counsel believes a Sentence of 35 months is sufficient to punish Defendant for his actions in this case.

## CONCLUSION

Defendant, through counsel, respectfully requests a sentence of 35 months which would provide a firm sentence for the charges presented while also considering the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/ Joseph Edwards
W. Joseph Edwards  (0030048)
511 South High Street
Columbus, Ohio 43215
Telephone: (614) 309-0243
E-mail: jedwardslaw@live.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically serviced via CM/ECF upon counsel of record on the 19th day of July, 2024.

/s/ Joseph Edwards
W. Joseph Edwards  (0030048)